IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALYSE SANCHEZ, et al.,                    *

     Plaintiffs-Petitioners,             *

v.                                        *     Civil Action No. GLR-19-1728
                                     Member Case: GLR-18-3548

KEVIN MCALEENAN.,[1] et al.,             *

     Defendants-Respondents.             *

\*\*\*

## <u>ORDER</u>

For the reasons stated in the foregoing Memorandum Opinion, it is this 25th day of March, 2024, by the United States District Court for the District of Maryland hereby:

ORDERED that Plaintiffs-Petitioners' Cross-Motion for Summary Judgment (ECF No. 104) is GRANTED as to liability;

IT IS FURTHER ORDERED that Judgment shall be entered in favor of Plaintiffs-Petitioners as to Counts I, II, III, V, and VI of the <u>Lin</u> Complaint and Counts I, II, and III of the <u>Sanchez</u> Complaint;

IT IS FURTHER ORDERED that Plaintiffs-Petitioners' Cross-Motion for Summary Judgment (ECF No. 104) is GRANTED to the extent it seeks declaratory relief and individual injunctive relief on behalf of named Plaintiffs;

---

[1] Defendant-Respondent McAleenan is no longer the Acting Secretary of Homeland Security. Under Federal Rule of Civil Procedure 25(d), his successor is automatically substituted as a party.

IT IS FURTHER ORDERED that Plaintiffs-Petitioners' Cross-Motion for Summary Judgment (ECF No. 104) is otherwise DENIED;

IT IS FURTHER ORDERED that Defendants-Respondents' Motion for Summary Judgment (ECF No. 72) is GRANTED to the extent it seeks denial of class-wide injunctive relief;

IT IS FURTHER ORDERED that Defendants-Respondents' Motion for Summary Judgment (ECF No. 72) is otherwise DENIED;

IT IS FURTHER ORDERED that the Court hereby:

1. DECLARES and FINDS that the policy and/or practice of interfering with the individual Plaintiffs' and class members' ability to avail themselves of the provisional waiver process by arrest, detention, or removal is arbitrary and capricious in violation of the Administrative Procedure Act, and is a violation of the Immigration and Nationality Act, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution;

2. DECLARES and FINDS that the policy and/or practice of interfering with the individual Plaintiffs' and class members' ability to avail themselves of the provisional waiver process by arresting or detaining noncitizen Plaintiffs or Class members at those persons' I-130 interviews or other interviews or appointments with USCIS is arbitrary and capricious in violation of the Administrative Procedure Act, and is a violation of the Immigration and Nationality Act, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution;

3. DECLARES and FINDS that notwithstanding paragraphs 1–2, it is not unlawful for Defendants-Respondents to arrest, detain, or remove a noncitizen Plaintiff or class member who:

a. Has been denied an I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal ("I-212"); has been denied an appeal therefrom or has not timely filed an appeal therefrom; and has not submitted a new or successive I-212 application that is approved or pending;

b. Has been denied an I-601A, Application for Provisional Unlawful Presence Waiver ("I-601A"), and has not submitted a new or successive I-601A application that is approved or pending;

c. Has a pending I-130 petition but has previously been denied an I-130 petition pursuant to 8 U.S.C.A. § 1154(c); and has unsuccessfully appealed or moved to reopen or reconsider such denial or failed to timely file an appeal or motion to reopen or reconsider; or

d. Defendants-Respondents reasonably believe, after a period of three years following the approval of an I-130 petition, has not taken reasonable and diligent steps to apply for an I-212 application or I-601A application or taken other steps necessary to obtain permanent resident status, and any delay in completing any of these steps was not caused by the U.S. government or other circumstances outside of the noncitizen Plaintiff's or class member's control. For purposes of this Paragraph 3.d, the three-year period shall begin on the date of the judgment in this case. For purposes of this Paragraph 3.d., any period of time during which a Plaintiff

or class member is waiting for a U.S. government agency or personnel to (a) review, process, or approve a pending application (or an appeal or motion to reopen or reconsider), or (b) take some other action or provide information that the Plaintiff or class member needs in order to complete the provisional waiver process or obtain permanent resident status, does not count toward the accrual of the three-year time limits established in this Paragraph 3.d;

4. Permanently enjoins Defendants-Respondents' from interfering with individual named Plaintiffs' ability to avail themselves of the provisional waiver process by arresting, detaining, or removing noncitizen named Plaintiffs who are the beneficiary of a pending or approved I-130 petition filed prior to their arrest or detention.

5. Permanently enjoins Defendants-Respondents' from interfering with individual named Plaintiffs' ability to avail themselves of the provisional waiver process by targeting named Plaintiffs at their I-130 interview or other interviews or appointments with USCIS for arrest, detention, or removal.

6. Orders that notwithstanding paragraphs 5–6, Defendants-Respondents may arrest, detain, or remove a noncitizen named Plaintiff who:

> a. Has been denied an I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal ("I-212"); has been denied an appeal therefrom or has not timely filed an appeal therefrom; and has not submitted a new or successive I-212 application that is approved or pending;

b. Has been denied an I-601A, Application for Provisional Unlawful Presence Waiver ("I-601A"), and has not submitted a new or successive I-601A application that is approved or pending;

c. Has a pending I-130 petition but has previously been denied an I-130 petition pursuant to 8 U.S.C. § 1154(c); and has unsuccessfully appealed or moved to reopen or reconsider such denial or failed to timely file an appeal or motion to reopen or reconsider; or

d. Defendants-Respondents reasonably believe, after a period of three years following the approval of an I-130 petition, has not taken reasonable and diligent steps to apply for an I-212 application or I-601A application or taken other steps necessary to obtain permanent resident status, and any delay in completing any of these steps was not caused by the U.S. government or other circumstances outside of the noncitizen named Plaintiff's control. Notwithstanding this Paragraph 6.d, any noncitizen named Plaintiff shall have a period of at least three years following the issuance of this injunction to take the steps necessary to complete the provisional waiver process and obtain permanent resident status. For purposes of this Paragraph 6.d., any period of time during which a named Plaintiff is waiting for a U.S. government agency or personnel to (a) review, process, or approve a pending application (or an appeal or motion to reopen or reconsider), or (b) take some other action or provide information that the named Plaintiff needs in order to complete the provisional waiver process or obtain permanent resident status,

5

does not count toward the accrual of the three-year time limits established in

this Paragraph 6.d; and

IT IS FURTHER ORDERED that the Clerk shall CLOSE this case and the member

case.


_____/s/_____
George L. Russell, III
United States District Judge